The opinion of the court was delivered-by
GibsoN, J.
Courts of equity will rectify a mistake which has arisen fropi fraud or surprise, wherever the proof is clear, and I think'no doubt can be entertained, that these articles would be reformed on a hill in equity. The plaintiff below agreed to make one hundred thousand bricks for the defendant, at the rate of a dollar and twelve and a half cents the thousand, the defendant finding the hands and boarding the .plaintiff while he should be employed in the business. There is also a covenant, that the defendant should allow the plaintiff at the.rate of twelve and a half cents for digging the clay, which he offered to prove by the scrivener, (who is also a subscribing witness,) was introduced into the articles- by mistake. Notwithstanding the admitted danger and imperfection of .parol evidences in all cases whatever, absolute *450 necessity renders a resort to it, in most cases, indispensible. The very nature of fraud is such as to render detection by other means, impracticable; and as mistake is seldom manifest from intrinsic circumstances, this valuable head of chancery jurisdiction, without the evidence of those who might be able to speak directly to the fact would be of little use. Parol evidence has certainly been thought sufficient to ground a decree, by the ablest chancellor* that England ever produced. Here mistake is alleged in a distinct covenant, which may be expunged without disturbing any other part of the agreement; and, as the offer was to prove what would be a ground of relief in equity, the evidence ought to have been admitted.
Judgment reversed, and a venire facias de novo awarded.

 Lord Thurlow, in Shelburn v. Inchiquin, 1 Bro. C. C. 338, and Stangroom v. the Marquis of Townsend, S Ves. 328.